**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUELA CRUZ, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | **Case No.** |
| v. | |
| ALMAMEX CORP. d/b/a GABYS CAFE, ALICIA MENDOZA and DELFINO MENDOZA | **COMPLAINT** |
| Defendants. | CLASS and COLLECTIVE ACTION |
| | JURY TRIAL REQUESTED |

Plaintiff Manuela Cruz ("Plaintiff"), by her attorneys the Worker Justice Center of New York, and for her Collective Action Complaint, complaining of Almamex Corp. d/b/a Gabys Cafe ("Gabys"), Alicia Mendoza ("Defendant A. Mendoza") and Delfino Mendoza ("Defendant D. Mendoza") (collectively, "Defendants"), alleges:

## I.       PRELIMINARY STATEMENT

1.       Plaintiff Manuela Cruz was employed by Defendants for over six years as a waitress at Defendants' popular Mexican restaurant located in historic Rhinebeck, NY. Plaintiff brings this Class and Collective action on behalf of herself and other individuals who currently work and/or previously worked in Defendants' restaurant business and were not paid their lawfully owed wages.

2.       During the course of Plaintiff's employment, Defendants engaged in a variety of legal violations. Defendants failed to pay Plaintiff at least the applicable minimum wage rate for up to 40 hours per week, failed to pay overtime pay at one and a half times the minimum wage when she worked more than 40 hours in a week, cheated Plaintiff out of cash tips, failed to pay

"spread of hours" compensation when Plaintiff worked more than 10 hours in day, and failed to provide Plaintiff with a wage notice and accurate paystubs.

3.    Defendants also subjected Plaintiff to age-related harassment and a discriminatory workplace environment, including consistent disparaging insults and, ultimately, retaliatory termination for having availed herself of sick leave.

4.    To remedy these and other legal violations, Plaintiff brings this action under the minimum wage and overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the minimum wage, overtime, spread of hours, hiring and wage notice provisions of New York Labor Law Article 19 § 650 *et seq.* ("NYLL") on behalf of herself and all other similarly situated workers. Plaintiff also brings this action under the New York State Human Rights Law ("HRL") prohibiting discrimination based on age.

## II.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq*; and 28 U.S.C. §§ 1331 and 1337.

6.    With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims derive from a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as Defendants reside and/or do business in the Southern District of New York and the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

8.    Plaintiff Manuela Cruz is a 46-year-old adult individual and a resident of Dutchess

County, NY.

9.      Plaintiff's primary and native language is Spanish.

10.     Plaintiff was employed by Defendants from approximately 2015 until on or about September 24, 2023.

11.     At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1); the HRL, N.Y. Exec. Law § 292; and the NYLL §§ 190.

12.     At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce.

13.     At all times relevant to this Complaint, Plaintiff was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203 *et seq*.

14.     Defendant Almamex Corp. is a domestic corporation doing business in the State of New York at 6423 Montgomery Street, Suite 7, Rhinebeck, NY 12572.

15.     Gabys is an enterprise engaged in the business of operating a Mexican restaurant.

16.     Gabys is owned and controlled by Defendant Alicia Mendoza ("A. Mendoza") who is the owner, Principal, and Chief Executive Officer of Gabys.

17.     At all times relevant to the Complaint, A. Mendoza had the power, and did in fact exercise such power, to hire and fire Defendants' employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of all Defendants' employees, including Plaintiff.

18.     At all times relevant to the Complaint, A. Mendoza had the power, and did in fact exercise such power, to create pay practices and policies for the corporate defendant.

19.     At all times relevant to the Complaint, A. Mendoza had the power to stop any Defendant's illegal pay practices.

20.     At all times relevant to the Complaint, A. Mendoza directly supervised Plaintiff.

21.     At all times relevant to the Complaint, Defendant Delfino Mendoza ("D. Mendoza") was an owner and Principal at Gabys.

22.     At all times relevant to the Complaint, D. Mendoza directly supervised Plaintiff.

23.     At all times relevant to the Complaint, D. Mendoza had the power, and did in fact exercise such power, to hire and fire Defendants' employees, set employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of all Defendants' employees, including Plaintiff.

24.     At all times relevant to the Complaint, D. Mendoza had the power, and did in fact exercise such power, to create pay practices and policies for the corporate defendant.

25.     At all times relevant to the Complaint, D. Mendoza had the power to stop any of Defendants' illegal pay practices.

26.     At all times relevant to the Complaint, Gabys was an employer of Plaintiff as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1); the HRL, N.Y. Exec. Law § 292; and the NYLL §§ 190.

27.     At all times relevant to the Complaint, Defendant A. Mendoza was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1); the HRL, N.Y. Exec. Law § 292; and the NYLL §§ 190.

28.     At all times relevant to the Complaint, Defendant D. Mendoza was Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1); the HRL, N.Y. Exec. Law § 292; and the NYLL §§ 190.

29.    At all times relevant to the Complaint, Gabys employed multiple employees and engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203 *et seq*.

30.    Upon information and belief, Gabys grossed more than $500,000 per year in revenue for each of the past five (5) calendar years.

31.    Gabys is an enterprise engaged in commerce.

### IV.    STATEMENT OF FACTS

32.    In or around 2015, Defendants hired Plaintiff to work as a waitress.

33.    Plaintiff's duties included seating customers, taking food and drink orders, bringing out drinks and occasionally food orders, making guacamole, cleaning tables, handling customer payments (including operating an electronic device to process credit card payments from customers), and sometimes bringing plates back to the kitchen.

34.    From approximately June 2018 through July 2022, Defendants paid Plaintiff a daily rate of $55.

35.    From approximately mid-July 2022 to the end of her employment in September 2023, Defendants paid Plaintiff a daily rate of $65.

36.    Defendants paid Plaintiff her wages by check.

37.    From approximately June 2018 through March 15, 2020, Plaintiff regularly worked three days a week, from 11:30 a.m. to 10 p.m. or 11 p.m., with no break, totaling an average of 33 hours per week.

38.    Gabys closed during the COVID-19 pandemic from approximately mid-March 2020 to mid-June 2020.

39.    From approximately June 15, 2020 to February 7, 2021, Plaintiff regularly worked two days a week, from 11:30 a.m. to 10 p.m. or 11 p.m., with no break, totaling an average of 22

hours per week.

40.     From approximately February 8, 2021 to September 4, 2022, Plaintiff regularly worked between four and seven days per week from 11:30 a.m. to 10 p.m. or 11 p.m., with no break, totaling between 44 hours and 77 hours per week.

41.     For example, for the week of June 13, 2022, Plaintiff worked 77 hours and was only paid $385 that week.

42.     From approximately September 5, 2022 to September 3, 2023, Plaintiff regularly worked five days per week from 11:30 a.m. to 10 p.m. or 11 p.m., with no break, totaling approximately 55 hours per week.

43.     For example, for the week of May 8, 2023, Plaintiff worked 55 hours and was only paid $325 that week.

44.     From approximately September 4, 2023 until the end of her employment on September 24, 2023, Plaintiff regularly worked four days per week from 11:30 a.m. to 10 p.m. or 11 p.m., with no break, totaling approximately 44 hours per week.

45.     For example, for the week of September 11, 2023, Plaintiff worked 44 hours and was only paid $260 that week.

46.     Defendants did not record Plaintiff's hours or the hours of other employees.

47.     Approximately once a week, Defendants did not pay waitstaff, including Plaintiff, tips that they received from the customers in cash during the lunch shift. Many times, Plaintiff would have to ask Defendants for the cash tips received on behalf of herself and the other waitstaff on shift with her in order to actually receive them.

48.     On occasion, Plaintiff's coworkers would ask her to ask Defendants about their lunch tips and commented that if she was not working that day and did not ask on their behalf,

they would not receive lunch tips for that day.

49.     Other times, Defendants kept the cash tips and did not turn them over to tipped staff, including Plaintiff.

50.     Throughout Plaintiff's employment, her hourly rate was between $5 and $5.66, which fell far below the applicable minimum wage throughout the time she was employed.

51.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff an additional hour of pay at the applicable minimum wage rate on days when she worked a span of more than 10 hours.

52.     Defendants failed to provide Plaintiff with a written wage notice, in English or Spanish, at the time of her hiring or within 10 business days of her first day of employment, setting out her rates of pay and other information as required by the NYLL.

53.     Defendants failed to provide Plaintiff with an accurate written wage statement with her weekly payment of wages, setting forth her total pay, her tips received, her hours during the pay period, and her regular and overtime rates of pay as required by the NYLL.

54.     Defendants failed to pay Plaintiff at a rate of one- and one-half times her regular hourly rate of pay, or one- and one-half times the applicable minimum wage, for every hour worked over 40 in a workweek.

55.     Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiff for all hours worked, to pay employees such as Plaintiff premium pay for all hours worked in excess of 40 per week, and to pay employees such as Plaintiff an additional hour for each day in which she worked split shifts and/or a spread of hours exceeding 10 hours in a day.

**Age Discrimination**

56.     Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult directed at her by Defendants on the basis of age. The discrimination was so pervasive as to adversely alter the conditions of Plaintiff's employment.

57.     Defendants did not treat employees under the age of 40 in this manner.

58.     Defendants gave materially preferential treatment to younger employees by refraining from verbally abusing them.

59.     Upon information and belief, D. Mendoza targeted Plaintiff for abuse at least in part because of her perceived age over 40 at the time of her termination.

60.     For example, D. Mendoza made frequent and graphic references to Plaintiff being old and accused her of failing senses, health, and cognition, such as "You're going to die soon," "Apart from being blind and deaf, you're also stupid," "On top of being old, you're also blind and slow," and "You have the brain of an ant."

61.     D. Mendoza's ridicule and insults cut Plaintiff deeply so that she often needed to leave the dining area briefly to collect herself. This only led to more bullying, with D. Mendoza asking, "Do you need to go into the little room to cry?" after he insulted her.

62.     Defendants' demeaning conduct left Plaintiff feeling worthless, depressed, anxious, and caused her to have difficulty sleeping and nightmares about the workplace.

63.     Defendants never provided Plaintiff with or informed her of any policy that Gabys had about harassment or discrimination in the workplace.

64.     Upon information and belief, Gabys had no policies in place related to harassment or discrimination at any time during Plaintiff's employment.

65.     Upon information and belief, Defendants did not post information at the workplace

related to laws prohibiting discrimination.

66.    Upon information and belief, Defendants did not provide training to any employees on harassment or discrimination in the workplace.

**Retaliation**

67.    A. Mendoza and D. Mendoza treated Plaintiff more harshly than other employees not only because of her age, but also because she was outspoken in complaining about Defendants' illegal pay practices, such as asking that Defendants distribute to employees the cash tips they had retained.

68.    When Plaintiff approached one of the defendants about tips, they would respond by nitpicking her appearance or job performance in ways they did not do to other employees, including closely monitoring her bathroom usage and criticizing the length of her fingernails.

69.    Upon information and belief, Defendants retaliated against Plaintiff for complaining about illegal pay practices in violation of NYLL § 215(1)(a)(viii) and 29 U.S.C.S. § 215 (a)(3).

70.    Defendants ultimately terminated Plaintiff's employment at least in part in retaliation for taking job-protected sick leave.

71.    On or about September 23, 2024, Plaintiff's husband informed A. Mendoza on behalf of Plaintiff that she needed an emergency root canal and would need to miss work. The next day, A. Mendoza stated that Plaintiff could not return to work.

72.    Upon information and belief, A. Mendoza fired Plaintiff for taking the day off to receive this emergency health care, in violation of NYLL §§ 196-b(7).

## FLSA COLLECTIVE ACTION ALLEGATIONS

73.    Plaintiff brings her FLSA minimum wage claims, the First Cause of Action, and her FLSA overtime wage claims, the Second Cause of Action, as a collective action under 29 U.S.C. § 216(b) on behalf of herself and those individuals who may opt into the "FLSA Collective," defined as: "all current and former non-managerial employees who worked for Gabys Café in Rhinebeck, NY at any time since the date three years prior to the filing of this Complaint who elect to opt-in to this action through the date of final judgment in this matter."

74.    The FLSA Collective consists of approximately forty similarly situated current and former non-managerial employees of Gabys restaurant who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum, overtime and other wages.

75.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.  This policy and pattern or practice includes, inter alia, the following:

> i.    failing to pay the statutory minimum wage for all hours worked;
>
> ii.    failing to pay at the proper overtime rate for all hours worked over forty;
>
> iii.    withholding cash tips left by customers for employees;
>
> iv.    failing to keep accurate records of hours worked by employees.

76.    Defendants have engaged in their unlawful conduct pursuant to a de facto corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

77.    Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

78.     The current and former employees described above are situated similarly to Plaintiff within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First and Second Causes of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

79.     Common proof applicable to Plaintiff and the other workers will show that Defendants failed to pay wages as required by the FLSA to Plaintiff and other workers.

80.     These causes of action are also maintainable as collective actions pursuant to FLSA, 29 U.S.C. § 216(b), because the prosecution of separate actions by individual members of the FLSA Collective would create a risk of inconsistent or varying adjudications with respect to individual current and former employees which would establish incompatible standards of conduct for Defendants.

81.     The names, last known addresses and cell phone numbers of the proposed FLSA Collective members are available to Defendants. Defendants therefore should be required to provide Plaintiff with a list – including names, last known addresses, cell phone numbers, and email addresses if known – of all current and former employees who would be members of the proposed FLSA Collective.

82.     Notice of and an opportunity to join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail to their last known address and by workplace posting, as well as by other practicable means including but not limited to text messaging, as soon as possible.

**FRCP RULE 23 CLASS ACTION ALLEGATIONS**

83.     Plaintiff brings her NYLL claims, the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, on behalf of herself and all persons who worked for Defendants as non-managerial employees at Gaby's Café in Rhinebeck, NY at any time between 8/15/2018 and entry

of judgment in this case (hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

84.    The persons in the NYLL Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over 40 members of the NYLL Class during the six years prior to the filing of this lawsuit. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members. The claims of the Individual Plaintiff are typical of the claims of the NYLL Class. The Individual Plaintiff will fairly and adequately protect the interests of the NYLL Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

85.    Questions of law and fact common to the Class as a whole include, but are not limited to the following:

a.    Whether each of the Defendants is an employer under the NYLL;

b.    Whether Defendants unlawfully failed and continue to fail to pay minimum wage, spread of hours and overtime compensation in violation of NYLL;

c.    Whether Defendants illegally retained Plaintiffs' tips in violation of NYLL; and

d.    Whether Defendants failed to provide legally required hiring notices and wage statement notices, in violation of NYLL.

## VIII.    CAUSES OF ACTION

### <u>FIRST CAUSE OF ACTION</u>
**(Fair Labor Standards Act – Minimum Wage Violations)**
**On Behalf of Plaintiff and those individuals who may opt in to the FLSA Collective**

86.    Plaintiff and any FLSA Collective members who file consents to sue in this action restate, re-allege, and incorporate by reference all of the preceding allegations as if fully set forth herein.

87.    Defendants were required to pay Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

88.    Defendants willfully failed to pay Plaintiff and the FLSA Collective at least the applicable federal minimum wage for each hour worked, in violation of 29 U.S.C. § 206 *et seq*.

89.    Due to Defendants' FLSA violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### <u>SECOND CAUSE OF ACTION</u>
**(Fair Labor Standards Act – Overtime Wage Violations)**
**On Behalf of Plaintiff and those individuals who may opt into the FLSA Collective**

90.    Plaintiff and any FLSA Collective members who file consents to sue in this action restate, re-allege, and incorporate by reference all of the preceding allegations as if fully set forth herein.

91.    Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

92.    Defendants willfully failed to pay Plaintiff and the FLSA Collective overtime compensation for all the hours they worked over forty in a workweek in violation of 29 U.S.C. §

207(a)(1).

93.    Due to Defendants' FLSA violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION
### (New York Labor Law – Minimum Wage)
### On Behalf of Plaintiff and the NYLL Class

94.    Plaintiff on behalf of the NYLL Class restates, re-alleges, and incorporates by reference all of the previous allegations as if fully set forth herein.

95.    Defendants failed to pay Plaintiff and NYLL Class Members the minimum wages to which they are entitled under the NYLL.

96.    Due to Defendants' New York Labor Law violations, Plaintiff and NYLL Class Members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs of the action, and interest, pursuant to NYLL §§ 198 and 663.

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Overtime Wage)
### On Behalf of Plaintiff and the NYLL Class

97.    Plaintiff on behalf of the NYLL Class Members restates, re-alleges, and incorporates by reference all of the previous allegations as if fully set forth herein.

98.    Defendants failed to pay Plaintiff and NYLL Class Members the overtime wages to which they were entitled under the NYLL.

99.    Defendants willfully violated the NYLL by failing to pay Plaintiff and NYLL Class Members overtime compensation at rates not less than one and one-half times the regular rate of

pay for each hour worked in excess of 40 hours in a workweek.

100.    Due to Defendants' New York Labor Law violations, Plaintiff and NYLL Class Members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, costs of the action, and interest, pursuant to NYLL §§ 198 and 663.

**FIFTH CAUSE OF ACTION**
**(New York Labor Law – Spread of Hours)**
**On Behalf of Plaintiff and the NYLL Class**

101.    Plaintiff on behalf of the NYLL Class restates, re-alleges, and incorporates by reference all of the previous allegations as if fully set forth herein.

102.    Defendants willfully violated the NYLL and its implementing regulations by failing to pay Plaintiff and the NYLL Class an additional hour of pay at the minimum wage rate for days on which their workday spanned more than 10 hours or on days they worked multiple shifts.

103.    Due to Defendants' New York Labor Law violations, Plaintiff and the NYLL Class are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours compensation, liquidated damages, reasonable attorneys' fees, costs of the action, and interest, pursuant to NYLL §§ 198 and 663.

**SIXTH CAUSE OF ACTION**
**(New York Labor Law - Illegal Retention of Tips)**
**On Behalf of Plaintiff and the NYLL Class**

104.    Plaintiff and the NYLL Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

105.    New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

106.    New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

107.    At all times relevant, Defendants accepted, directly or indirectly, or retained a portion of gratuities belonging to Plaintiff and the NYLL Class.

108.    At all times relevant, Defendants A. Mendoza and D. Mendoza have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor regulations.

109.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of the gratuities paid by customers, Defendants have wilfully violated NYLL, Article 6 § 196-d and the supporting New York State Department of Labor Regulations.

110.    As a result of Defendants' wilful violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
**(New York Labor Law – Failure to Provide Hiring Notices and Wage Statements)**
**On Behalf of Plaintiff and the NYLL Class**

111.    Plaintiff and the NYLL Class restates, re-alleges, and incorporates by reference all of the previous allegations as if fully set forth herein.

112.    Defendants failed to supply Plaintiff and the NYLL Class with a hiring notice as required by NYLL § 195(1)(a).

113.    Defendants failed to supply Plaintiff and the NYLL Class with an accurate wage

statement with each payment of wages, as required by NYLL § 195(3).

114.    Due to Defendants' NYLL violations, Plaintiff and the NYLL Class are entitled to statutory damages as provided for by NYLL § 198, as well as reasonable attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
### (New York Labor Law – Retaliation)
### On Behalf of Plaintiff

115.    Plaintiff restates, re-alleges, and incorporates by reference all of the previous allegations as if fully set forth herein.

116.    By the actions set forth above, among others, Defendants have retaliated against Plaintiff, in violation of NYLL § 215(1)(a).

117.    Defendants terminated Plaintiff's employment, at least in part, because she used an absence from work that was legally protected by the New York Labor Law.

118.    As a result of Defendants' illegal retaliation, Plaintiff has suffered, and continues to suffer, economic harm including lost compensation, mental anguish, and emotional distress, for which she is entitled to damages.

### NINTH CAUSE OF ACTION
### (New York State Human Rights Law – Age Discrimination)
### On Behalf of Plaintiff

119.    Plaintiff restates, re-alleges, and incorporates by reference all of the previous allegations as if fully set forth herein.

120.    By the actions set forth above, among others, Defendants have discriminated against Plaintiff in violation of the New York State Human Rights Law.

121.    Defendants discriminated against Plaintiff in the terms, conditions, or privileges of employment because she is and was over 40 years old.

122.    Defendants discriminated against Plaintiff by fostering and condoning a work

environment at Gabys that was intimidating, hostile, and offensive to Plaintiff on the basis of her age.

123.    Defendants discriminated against Plaintiff by harassing and demeaning her because of her age.

124.    Defendants' actions were in direct violation of the New York State Human Rights Law, Executive Law § 290 *et seq*.

125.    As a result of Defendants' willful and illegal actions, Plaintiff has suffered, and continues to suffer economic harm, mental anguish, and emotional distress for which she is entitled to damages.

## IX.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

i.    Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1) and (3);

ii.    Designate this action as a collective action on behalf of the proposed Collective pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the Collective has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

iii.    Designate Plaintiff as representative of the Rule 23 Class Plaintiffs;

iv.    Declare Defendants' conduct complained of herein to be in violation of the FLSA, NYLL, and the New York State Human Rights Law;

v.        Grant judgment to Plaintiff and Class Plaintiffs and award all minimum and overtime wages owed, consistent with the FLSA;

vi.        Grant judgment to Plaintiff and Class Plaintiffs and award all minimum wages, spread of hours pay, unlawfully deducted wages and overtime wages owed, consistent with NYLL;

vii.        Grant judgment to Plaintiff on her New York Human Rights Law claims and award Plaintiff all appropriate damages, fines, and penalties as provided for by statute;

viii.        Grant judgment to Plaintiff on her retaliation claims and award Plaintiff all appropriate damages, fines, and penalties as provided for by statute;

ix.        Award Plaintiffs and Class Plaintiffs liquidated damages for all wages withheld or delayed in violation of FLSA;

x.        Award Plaintiffs and Class Plaintiffs additional liquidated damages for all wages withheld, deducted or delayed in violation of NYLL;

xi.        Award Plaintiffs and Class Plaintiffs statutory damages for Defendants violations of the hiring and wage notice provisions of NYLL;

xii.        Award Plaintiff and Class Plaintiffs all other damages to which they are entitled;

xiii.        Award Plaintiff and Class Plaintiffs reasonable attorneys' fees, costs, and interest; and

xiv.        Award such other legal and equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Maureen Hussain*

Maureen Hussain
Cristina Brito
Worker Justice Center of New York
245 Saw Mill River Road, Suite 106
Hawthorne, NY 10532

19

(845) 331-6615
mhussain@wjcny.org
cbrito@wjcny.org

**ATTORNEYS FOR THE PLAINTIFF**

Dated: August 15, 2024