UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUELA CRUZ, on behalf of herself and all others similarly situated,<br><br>                          Plaintiffs,<br>v.<br><br>ALMAMEX CORP. d/b/a GABYS CAFE, ALICIA MENDOZA and DELFINO MENDOZA<br><br>                          Defendants. | Case No. 7:24-cv-06197-KMK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

KENNETH M. KARAS, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the purpose of this Protective Order is to permit the parties to discover such information and documents pursuant to procedures designed to protect the confidentiality of such material during the pretrial phase of this action, as well as the reasonable expectation of privacy of third parties,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party" or "Designating Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

   (a) non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   (b) non-public material relating to ownership or control of any non-public company;

   (c) non-public business plans, product-development information, or marketing plans;

   (d) information received in confidence from third parties;

   (e) any non-public information of a personal or intimate nature regarding any individual; or

   (f) any other category of information which the Producing Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c) or this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected

2

portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Designating Party or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material by notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all Parties will be responsible for appropriately marking and limiting disclosure of the copies of the designated transcript in their possession or under their control. During the period following a deposition, until 31 days following receipt of the transcript (which period may be extended by written agreement of the Parties), all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing within ten (10) days after disclosure or production. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a restriction of any Party's right to challenge the Producing Party's claim of privilege; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers. In the case of parties that are corporations or other business entities, "party" shall mean executives and/or officers who are required to participate in decisions with reference to this lawsuit;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court

reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. No information or material shall be deemed or considered to be Confidential under this protective order if the information or material: (1) is in the public domain; (2) is already known by the receiving party through proper means; or (3) becomes available to a party from a source, other than the party asserting confidentiality, that is rightfully in possession of such information on a non-confidential basis.

10. If the need arises during trial or at any hearing before the Court for any party to disclose information designated as Confidential, it may do so only after giving notice to the Producing Party and as directed by the Court.

11. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In filing Confidential Discovery Material with this Court, or filing portions of any

5

pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the filing party shall follow the procedures outlined in Paragraph IX of the Court's Individual Practices for electronic filing under seal. However, although the motion or letter motion for approval of sealed or redacted filing must be made by the Party seeking to file Confidential Discovery Material, the Designating Party is responsible for filing the memorandum of law in support of such motion, within three (3) days of the filing of the motion.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices for the resolution of discovery disputes.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices for the resolution of discovery disputes. No documents designated Attorneys' Eyes Only shall be shared with clients or any person other than counsel in this case, including consulting attorneys, unless and until the Court rules otherwise or the designating party withdraws the designation.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

6

Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery

7

Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. Plaintiffs may move, should they prevail in this litigation, for an allocation of a portion of any award of attorneys' fees and costs specifically related to the identification, location, and destruction of material designated by Defendants as Confidential, if any, based on a reasonable, good faith estimate of the expected amount of time it will take to identify, locate, remove and return or destroy such material. Defendants reserve the right to object to this motion or request when made.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: December 19, 2024
Hawthorne, New York

Dated: December 19, 2024
White Plains, New York

SO ORDERED.

Kenneth M. Karas
United States District Judge
12/20/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUELA CRUZ, on behalf of herself and all others similarly situated,

              Plaintiffs,

v.

ALMAMEX CORP. d/b/a GABYS CAFE, ALICIA MENDOZA and DELFINO MENDOZA

              Defendants.

Case No. 7:24-cv-06197-KMK

**NON-DISCLOSURE AGREEMENT**

I, _____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than as permitted by the terms of the Protective Order or by other order of the Court, and that at the conclusion of the litigation I will return all such Confidential Discovery Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: