UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MANUELA CRUZ, on behalf of herself and all
others similarly situated,

                            Plaintiffs,            **ORDER**

              -against-                         24 Civ. 6197 (JCM)

ALMAMEX CORP. d/b/a GABYS CAFE,
ALICIA MENDOZA and DELFINO MENDOZA,

                            Defendants.

-----------------------------------------------------------x

      Plaintiff Manuela Cruz ("Plaintiff") commenced this action to recover unpaid minimum and overtime wages, spread of hours pay, withheld tips, liquidated and statutory damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), Article 19 § 650, *et seq.* (Docket No. 1). Plaintiff also asserts an age discrimination claim under the New York State Human Rights Law ("HRL"). (*Id.*). On October 11, 2024, Eulogio Leon ("Opt-in Plaintiff") signed a Consent to Sue and Become a Party Plaintiff. (Docket No. 9). On April 25, 2025, Plaintiff submitted a Settlement Agreement ("Agreement") for the Court's review, accompanied by a letter in support of the Agreement, as well as proposed affidavits of confession of judgment, draft letters of reference for Plaintiff and Opt-in Plaintiff, New York State notices regarding discrimination and minimum wage, and the attorneys' time records and costs. (Docket No. 47).[1]

      "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the

---

[1] On March 24, 2025, the parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 44).

plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations and citations omitted).

Here, the parties engaged in contentious settlement negotiations, including attending two settlement conferences before the undersigned. Furthermore, based on my review of the Agreement, the letter in support, and the documentation supporting the reasonableness of the attorneys' fees and costs,[2] (Docket No. 47), I find the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Agreement are a fair and reasonable resolution of the case. *See Johnson v. Brennan,* No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). In addition, the general releases are acceptable in the instant case for several reasons. First, they are mutual and only extend to the individuals involved in this action. *See Weng v. T&W Rest., Inc.,* 15-CV-08167 (PAE)(BCM), 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016). Second, Plaintiff Cruz also has discrimination and retaliation claims, and general releases are acceptable there. Third,

---

[2] Although I approve attorney's fees in the amount of 6%, I make no specific findings as to the hours expended or the hourly rates.

Opt-in Plaintiff Leon will be accepting this settlement in exchange for resigning his position, and the parties want to make sure that this settlement resolves all issues between them.

Accordingly, after considering all of the *Wolinsky* factors, the Court approves the Agreement and dismisses the matter with prejudice.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 47), and close the case. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement.

Dated:   May 23, 2025
        White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge